

MB Scanlon PLLC
4301 50th St. NW, Suite 202
Washington, D.C. 20016
+1 771 210 5757

May 22, 2024.

**VIA CM/ECF**
Hon. John G. Koeltl
United States Courthouse
500 Pearl Street, Room 14A
New York, NY 10007

> On January 16, 2024, this matter was referred to a magistrate judge for general pretrial supervision. (ECF 6.) This letter-motion for entry of a protective order falls within the scope of that referral. The proposed protective order (ECF 18-1) is approved. The Clerk of Court is respectfully requested to terminate ECF 18.
>
> Date: 05/24/2024
> New York, NY
>
> SO ORDERED
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

**Re:**   *In Re Application of Ibiuna Credito Gestao de Recursos Ltda., et at.,* **Case No. 1:24-mc-0013-JGK-RFT**

Dear Judge Koeltl—

On behalf of Petitioners, the applicants in this Section 1782 action, the undersigned writes to request entry of the proposed protective order enclosed herewith as Exhibit A ("Proposed PO"). The Proposed PO was requested by Respondents Goldman Sachs Group Inc. and Goldman Sachs & Co. LL, and its form and content has been agreed to between the Petitioners and them. Respondents The Clearing House Payments Company LLC and Federal Reserve Bank of New York have already produced the documents within their possession to the Petitioners and, therefore, are not subject to the Proposed PO.

For all these reasons, the Court should enter a protective order substantially in the form of the Proposed PO.

Dated: May 22, 2024
Washington, D.C.

Respectfully submitted,

MB Scanlon PLLC

*Gabriela Menna Barreto Scanlon*

**Gabriela M. B. Scanlon**

4301 50th St., N.W., 1st Floor
Washington, D.C. 20016
gabriela@mbscanlon.com
+1 215 459 1171

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re Application of                              ::
                                                  ::
Ibiuna Credito Gestao de Recursos Ltda., et at.   ::   Case No. 1:24-mc-0013-JGK-RFT
                                                  ::
                                                  ::
                                                  ::
                                                  ::
---------------------------------------------------------------x

## **PROTECTIVE ORDER**

WHEREAS, Petitioners Petitioners Ibiuna Crédito Gestão de Recursos Ltda. ("Ibiuna"), Travessia Securitizadora de Créditos Financeiros XXXII S.A.,("Travessia XXXII") and Travessia Securitizadora de Créditos Financeiros S.A. ("Travessia") (collectively, the "**Petitioners**") filed an application for an order pursuant to 28 U.S.C. § 1782 (the "**Application**") to serve subpoenas to obtain discovery for use in legal proceedings in Brazil (the "**Brazilian Proceedings**")[1];

WHEREAS, on March 11, 2024, this Court entered an order granting Petitioners' Application and authorizing the Petitioners to serve the subpoenas as requested with the exception of the subpoena directed to Santander Bank, N.A. (the "**Order**");

WHEREAS, for good cause shown, the Court enters this protective order so-submitted by the Petitioners (the "**Protective Order**").

1. This Stipulation and Protective Order (the "Stipulation and Order") shall govern the production and exchange of all information produced, given, or exchanged by and among all parties, or received from third parties pursuant to paragraph 19 herein, in the above-captioned action (the "Action"), including all deposition testimony, testimony taken at hearings or other proceedings, interrogatory answers, documents and all other discovery materials, whether produced informally or in response to requests for discovery (collectively, "Litigation Materials").

2. Each party shall use the Litigation Materials and the information therein solely for the purpose of preparing for and conducting this Action (including any appellate proceedings in the Action). The Litigation Materials shall not be disclosed or used for any other purpose, including without limitation, for purposes of any other litigation or any business, commercial, or competitive pursuit, without consent of the parties or order of the Court. However, neither party shall be restricted under this Paragraph from using information contained in Litigation Materials that is already known to the party receiving them, that is generally known to the public, or that can be recreated through publicly-available means.

---

[1] Proceeding No. 1153819-28.2023.8.26.0100 is also included in the Brazilian Proceedings. Proceeding No. 1153819-28.2023.8.26.0100 concerns the judicial reorganization of Subway's Brazilian entities.

3. Any inadvertent or mistaken production of Litigation Materials shall be without prejudice to any claim that such material is subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure, and shall not operate to waive such privilege or protection from disclosure. Promptly after learning that a document subject to the attorney-client privilege, the work product doctrine, or other privilege or protection has been mistakenly produced, the party that produced or disclosed the material (the "Producing Party") shall notify counsel for the party to whom the privileged or protected Litigation Materials were produced or disclosed (the "Receiving Party"), in writing, of the fact of inadvertent disclosure and the date inadvertent disclosure was first discovered. If a claim of inadvertent or mistaken disclosure is made pursuant to this paragraph, the Receiving Parties shall promptly return (or, as necessary, delete) that material and all copies thereof. The Receiving Party shall not use such material for any purpose.

4. The return or deletion of the Litigation Materials in accordance with Paragraph 3 shall be without prejudice to the Receiving Party's right to challenge the claim of privilege or other protection with respect to the returned or deleted Litigation Materials.

5. Counsel for any party subject to discovery in the Action may designate any Litigation Materials that it produces or discloses in the course of the Action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, confidential, non-public business or financial information, including, by way of non-limiting examples: non-public business information, and information that is protected from disclosure under state or federal law.

6. Counsel for any Producing Party may designate any Litigation Materials that it produces or discloses in the course of the Action as "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, highly competitively sensitive business or financial information, not known to the public, the disclosure of which, beyond that permitted by this Stipulation and Order, presents a meaningful risk of injury to the business of the Producing Party or third parties, and/or a risk of harming the competitive position of the Producing Party or third parties. Such Litigation Materials include, by way of non-limiting example: non-public business or financial data concerning the parties in this Action or third parties, highly sensitive agreements entered into with third parties, or information protected by any form of a non-disclosure agreement with third parties.

7. A Producing Party may designate Litigation materials CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

    a. stamping or otherwise marking Litigation Materials with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," in a manner that will not interfere with their legibility and that does not cover any text or content of a document; or,

  b. by notifying counsel for the Receiving Party of the designation, in writing, with regard to specifically identified materials (such as natively produced documents).

 8. A Producing Party may designate deposition or other testimony, or a portion thereof, CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

  a. Stating orally on the record of the deposition that certain information or testimony is CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER; or

  b. Sending written notice to counsel for all parties to the Action within fourteen (14) days after receipt of the deposition transcript, designating all or a portion of the transcript as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Until expiration of this fourteen (14) day period, all deposition testimony and transcripts of the same shall be treated as ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

 9. Inadvertent failure to designate Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall not constitute a waiver of such claim and may be corrected by retroactive designation. The Producing Party may within thirty (30) days of discovery of the inadvertent failure to designate, but no later than one month after the close of discovery, designate the material as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by notice to counsel for all parties to the Action, in writing, specifically identifying the Litigation Materials or portions thereof to receive such designation. Such retroactive designation shall constitute a representation that the failure to designate was in fact inadvertent. A Receiving Party who has disclosed Litigation Materials which are subsequently designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall in good faith assist the Producing Party in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Stipulation and Order, and shall in good faith prevent further disclosures except as authorized by this Stipulation and Order.

 10. To the extent that any Producing Party discloses or produces Litigation Materials in this Action that contain the confidential information of another party, such other party (in addition to the Producing Party) may designate the information CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by providing written notice to all parties who received the documents or information within fourteen (14) days after the disclosure. The Producing and Receiving Parties shall in good faith assist the party designating the information as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Stipulation and Order, and shall in good faith prevent further disclosures except as authorized by this Stipulation and Order.

11. Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall not be disclosed by the Receiving Party to persons other than:

   a. Any current or former officer, director, or employee of the parties in this action who has a legitimate need to see the information in connection with counsel's prosecution and defense of this action, including but not limited to, deposition and trial testimony;

   b. Outside counsel, including co-counsel of record, partners, counsel, associates, legal assistants, and clerical or other support staff who are employed by counsel or are working under the express direction of counsel;

   c. In-house counsel, including legal assistants, and clerical or other support staff who are employed by counsel or are working under the express direction of counsel

   d. Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Stipulation and Order, either through execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting its services;

   e. The Court, any court or other body exercising appellate jurisdiction with respect to the determinations of the Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

   f. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof; who is alleged by a party to be an author, addressee, or recipient thereof; or who counsel believes in good faith has previously received the document or information by legal means from the producing party;

   g. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

   h. Any mediator engaged by the parties in connection with the Action;

   i. A witness at a deposition and his/her counsel, to the extent disclosure is reasonably necessary in connection with his/her testimony, provided that before receiving or being advised of the contents of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such witness shall agree to be bound by this Stipulation and Order, and execute an Acknowledgement in the form of Attachment A hereto;

    j.  Experts or consultants retained in connection with this Action who first agree to be bound by this Stipulation and Order, and execute an Acknowledgment Form to that effect; and

    k.  Any other person upon Order of the Court or upon stipulation of the Producing Party or the counsel for the Producing Party.

  12.  Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER may be viewed only by the receiving outside attorneys of record signing this Stipulation and Order, including the outside co-counsel of record, partners, counsel, associates, legal assistants, and clerical or other support staff who are employed by or working under the express direction of outside counsel.  Litigation Materials so designated may not be disclosed to any other employees of the parties, including legal assistants, clerical staff, or other support staff. Litigation Materials so designated may not be disclosed to any other person by the receiving attorney, unless pursuant to the written acknowledgment of the Producing Party or a Court Order. Notwithstanding the above, Litigation Materials so designated may be disclosed by the Receiving Party to the following persons:

    a.  Independent clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Stipulation and Order, either through execution of an Acknowledgement in the form of Exhibit A hereto, or through its agreement with the party requesting its services;

    b.  The Court, any court or other body exercising appellate jurisdiction with respect to the determinations of the Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

    c.  Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

    d.  Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

    e.  Any mediator engaged by the parties in connection with the Action;

    f.  Independent experts, consultants, or translators retained in connection with this Action who first agree to be bound by this Stipulation and Order, and execute an Acknowledgement in the form of Exhibit A hereto;

    g.  Any other person upon Order of the Court or upon stipulation of the Producing Party; and

13. Any executed Acknowledgments of persons agreeing to be bound by this protective order shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by any party.

14. Persons authorized to receive CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials pursuant to the terms of this Stipulation and Order may make copies of documents, discovery responses, or other Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER as reasonably necessary in connection with this Action without the permission of the Producing Party or an Order of the Court, provided that such copies are also treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

15. If any party objects to the designation of any discovery materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, the party shall state the objection by letter or email to counsel for the Producing Party. If the Producing Party refuses to withdraw the designation, or if resolution is not achieved within seven (7) days after receipt of such objection, then the objecting party must hold a good-faith discovery conference before filing a Consolidated/Joint Discovery Statement, if necessary. The Producing Party shall bear the burden of supporting the designation. Until the Court rules on any discovery dispute, the discovery materials shall continue to be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

16. The parties agree that the designation of any Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER is not intended to be, and shall not be construed as, an admission that the Litigation Materials are relevant, admissible, not subject to an applicable privilege or protection, reasonably calculated to lead to the discovery of admissible evidence, or any evidence that the content of such Litigation Materials constitutes confidential, proprietary, or trade secret information.

17. Any Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER submitted to the Court, including those Litigation Materials used as exhibits to or incorporated in briefs, memoranda, transcripts or testimony, or any other documents filed with the Court, shall be protected as follows:

    a. Materials Filed. Any Litigation Materials filed with or submitted to the Court which constitute, contain, or reveal CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information shall be filed with the Court in accordance with the Court's directions or rules for such materials.

    b.  Hearings and Trial. At any hearing before the Court, counsel shall in good faith attempt to avoid inadvertently disclosing any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials. If counsel believes it is necessary to disclose said materials during a hearing, counsel shall first confer with counsel and, if necessary, request the Court's guidance as to an appropriate method to preserve the confidentiality of the Litigation Materials.

    c.  Appeal. In connection with any appeal in this Action, all Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be subject to the provisions of this Stipulation and Order, and shall be filed with the appropriate court in accordance with the applicable rules of that court.

  18.  Nothing in this Stipulation and Order shall preclude a party from seeking, by written agreement of the signatories hereto or by the Court's order, further, greater, or lesser protection with respect to Litigation Materials than is provided for in this Stipulation and Order, or other modification of the Stipulation and Order.

  19.  This Stipulation and Order may be applicable to Litigation Materials provided by any non-party from whom discovery is sought in this Action. Such non-party may obtain the protections of the Stipulation and Order by giving written notice to the parties that its provision of Litigation Materials is being designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER. The non-party may itself stamp or otherwise mark Litigation Materials with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," in a manner that will not interfere with their legibility and that does not cover any text or content of a document, and if it does not, the party receiving such information from a non-party will so mark the documents.

  20.  Nothing in this Stipulation and Order shall be construed as a waiver of a party's right to object to any discovery request on any grounds and to object to the admission on any grounds of any Litigation Materials as evidence at any trial or hearing. The parties agree that by consenting to this Stipulation and Order, no party is agreeing that any Litigation Materials that were produced or which will be produced may be properly designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER; that no party is waiving its right to challenge the designation of any Litigation Materials produced; and that all such rights to challenge the designation of any Litigation Materials produced are fully preserved.

  21.  Nothing in this Stipulation and Order shall be construed to limit in any way a party's use of its own CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, including disclosure of such materials.

22. If, in connection with any judicial, administrative, or legislative proceedings, any party (or its counsel) receives a subpoena or other compulsory process demanding documents, information or other material designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to this Stipulation and Order, that party or counsel shall give notice to the Producing Party at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, unless otherwise prohibited by law. If the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the Producing Party (or designating party) in writing or by telephone as soon as practicable unless otherwise prohibited by law. If application for protective order is made before the time set forth in the subpoena or other compulsory process for compliance therewith, the subpoenaed party shall not produce the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials absent consent of the Producing Party, unless required to do so by applicable law or by Court Order.

23. Disclosure of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials by any person or in any manner not permitted by this Stipulation and Order shall not result in a waiver of or otherwise limit the right of a party or non-party to enforce the provisions of this Stipulation and Order.

24. The terms of this Stipulation and Order shall, absent written agreement of the parties or the Court's Order, remain in full force and effect throughout and after the final resolution of the Action, including until all appeals involving the Action have been exhausted, the time to appeal in the Action has expired, or the parties in the Action have reached a final settlement of all pending claims between them ("Final Resolution"). Upon Final Resolution and no later than sixty (60) days after the Producing Party's request, counsel and the parties shall use commercially reasonable efforts to either destroy or return all copies of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials (including document productions and summaries thereof) to counsel for the Producing Party, and shall certify that such destruction or return has been completed. Notwithstanding the foregoing, counsel for the parties may retain its file, including but not limited to court filings, official transcripts, exhibits, correspondence, e-mails, and any excerpts from the document productions that counsel incorporated into their primary files, provided that any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information therein shall continue to be treated as such, as provided for in this Stipulation and Order.

25. The parties agree to be bound by the terms of the Stipulation and Order upon signing by counsel for each of the parties. Violation of its terms shall be subject to the same sanctions and penalties as set forth by the Court.

SO ORDERED:

This __24__ day of May, 2024.

SO ORDERED

_/s/ Robyn F. Tarnofsky_
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
In re Application of                           ::
                                               ::
Ibiuna Credito Gestao de Recursos Ltda., et at.  ::   Case No. 1:24-mc-0013-JGK-RFT
                                               ::
                                               ::
                                               ::
                                               ::
-----------------------------------------------------------x
```

## ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

I, _____, do hereby certify that:

I have been provided with a copy of the Stipulation and Consent Protective Order ("Order") in above-styled action; I have reviewed the Order and understand its terms; and I agree, upon penalty of contempt and other civil remedies, to be bound by the terms and conditions set forth in the Order.

Executed on this _____ day of _____, 2024.

_____
Signature